**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LITITZ MUTUAL INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff/Counter Defendant,** | ) | |
| | ) | |
| v. | ) | **Case No. 4:19-CV-03282-NCC** |
| | ) | |
| | ) | |
| **RYAN MARTIN,** | ) | |
| | ) | |
| **Defendant/Counter Claimant.** | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Ryan Martin's Motion in Limine (Doc. 45). The Court heard argument on the Motion at the final pretrial conference, issued orders as to several of the requests, and gave Plaintiff Lititz Mutual Insurance Company ("Plaintiff") until noon on September 28, 2021, to respond to the remaining issues (Doc. 47). Specifically, the Court sustained the motions in limine seeking to exclude Kyle Martin's criminal record (No. 1), to ensure an adverse inference is not applied to Kyle Martin (No. 4), and to exclude any testimony by witnesses Sarah Moore and Dzermin Dzano (No. 9) and overruled the motions in limine seeking to exclude any testimony by and designated representative other than Donna Donovan (No. 6) and the use of Ryan Martin's Examination Under Oath (No. 10) (*Id.*). Plaintiff has timely responded to the outstanding motions in limine (Nos. 2, 3, 5, 7, and 8).

**(1) Motion in Limine No. 2: Ryan Martin's Criminal Record**

Defendant requests Ryan Martin's criminal record be excluded. Defendant asserts that while Ryan Martin will be a witness in this matter, an evaluation of whether a prior criminal conviction is admissible still requires a balancing test under Rule 403. In this case, Defendant has not been convicted of any crimes that relate to arson and his assault convictions do not have

any bearing on his truthfulness.  In addition, Defendant asserts, any crimes older than ten years

from release require advance notice under Rule 609(b) which was not provided.  Plaintiff

responds indicating that it seeks to introduce the following convictions:

> 1. November 4, 2005: Plead guilty to the Class C Felony of Burglary 2nd Degree
> 2. November 4, 2005: Plead guilty to the Class C Felony of Stealing
> 3. June 26, 2009: Plead guilty to the Class C Felony of Forgery
> 4. June 26, 2009: Plead guilty to five counts of the Class C Felony of Receiving Stolen Property
> 5. June 26, 2009: Plead guilty to two counts of the Class C Felony of Assault in the 2nd Degree
> 6. June 2, 2014: Plead guilty to four counts of the Class C Felony of Attempted Assault
> 7. June 6, 2014: Plead guilty to the Class D Felony of Resisting Arrest

Plaintiff argues that these criminal convictions are admissible as they are relevant to Ryan

Martin's credibility and truthfulness which is at the heart of this case.  Plaintiff suggests that

notice was provided regarding any conviction older than ten years because Defendant was asked

about his criminal convictions in both his examination under oath and his deposition and

Defendant provided a list of prior convictions in his response to interrogatories.  Further,

Plaintiff argues, "[t]o the extent Martin requires written notice of Lititz['s] intention to cross

examine him with evidence of these convictions, let this provide the needed notice" (Doc. 49 at

2).

Federal Rule of Evidence 609 (Impeachment by Evidence of a Criminal Conviction)

provides that evidence of a felony criminal conviction must be admitted, subject to Federal Rule

of Evidence 403, in a civil case in which the witness is not a defendant and for any crime

regardless of the punishment, the evidence must be admitted if the court can readily determine

that establishing the elements of the crime required proving—or the witness's admitting—a

dishonest act or false statement.  Crimes of dishonesty are usually automatically admissible in

civil cases, without regard to their prejudicial effect.  Fed. R. Evid. 609(a)(2) (omitting the

requirement in Rule 609(a)(1) that admissibility is subject to Rule 403). If more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later, evidence of the conviction is admissible only if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use. Fed. R. Evid. 609(b). Importantly, Rule 609(b)(1) reverses the test under Rule 403. Under Rule 403, an opponent of the evidence must show that the prejudicial effect of the evidence substantially outweighs its probative value. Under Rule 609(b)(1), the proponent of the evidence must show that the probative value of the evidence substantially outweighs its prejudicial effect.

### (a) Forgery Conviction

The Court finds that the motion in limine as to Ryan Martin's conviction of forgery (conviction No. 4) is **OVERRULED**. Defendant conceded on the record during the final pretrial conference that this conviction was admissible. Indeed, as a crime of dishonesty, the forgery conviction is admissible. *Arnzen v. Tyson Foods, Inc.*, No. 18-CV-4060-CJW-MAR, 2020 WL 10486712, at *4 (N.D. Iowa Jan. 21, 2020) (collecting cases establishing forgery is a crime of dishonesty).

### (b) Felonies More than 10 Years Old

The Court finds that the motion in limine as to Ryan Martin's felony convictions obtained more than ten years ago is **SUSTAINED**. As a preliminary matter, Plaintiff did not submit evidence regarding the termination of confinement resulting from Ryan Martin's guilty pleas for these offenses. As such, the Court finds that Rule 609(b) applies to convictions Nos. 1, 2, 3, 5. Applying the test in Rule 609(b), the Court concludes that Plaintiff has failed to show that the

probative value of the evidence substantially outweighs its prejudicial effect.  Plaintiff does not provide any detailed support for why these specific convictions should be admitted.  The Court also finds that Plaintiff's response to Defendant's Motion in Limine, nor any of the other purported forms of notice asserted by Plaintiff, do not constitute sufficient written notice under Rule 609(b).

### (c) Felonies within the 10 Year Period

The Court finds that the motion in limine as to Ryan Martin's felony convictions within the ten-year period (convictions Nos. 6 and 7) is **OVERRULED**.  The issue of Mr. Martin's credibility is "paramount" given Plaintiff's allegation that Mr. Martin committed arson or was involved in the arson resulting in the loss.  *Am. Modern Home Ins. Co. v. Thomas*, 993 F.3d 1068, 1071-72 (8th Cir. 2021) (finding defendant's three felony convictions involving sex crimes admissible in an insurance declaratory judgment action similar to this one in which the insurance company claimed the fire causing the loss was intentionally set).

### (2) Motion in Limine No. 3: Kyle and Crystal Martin's Ownership of the House

Defendant seeks to exclude evidence that the property at issue was owned by Kyle and Crystal Martin.  Specifically, Defendant argues that neither of these individuals will be witnesses and the evidence is irrelevant in light of the nature of the case, one based on an insurance claim.  Defendant further asserts the evidence may be problematic under Federal Rule of Evidence 403 because, as clarified during the final pretrial conference, it may cause unnecessary confusion for the jury.  Plaintiff responds that Kyle and Crystal's ownership of the property is undisputed and that it is relevant to show that Ryan Martin was in financial difficulty and had a motive for setting the fire.  Specifically, Plaintiff seeks to introduce that Ryan, Kyle and Crystal all owned the home together, but Kyle made the monthly mortgage payments and Ryan would pay some

cash when he had the money.  Further, Ryan Martin was the only insured on the policy.  Plaintiff argues that these facts together show that Ryan Martin was in financial difficulty and hoped to keep all the insurance proceeds for himself.

The Court will **OVERRULE** Defendant's motion in limine as to Kyle and Crystal Martin's Ownership of the House.  The Court finds this evidence to be relevant as to Plaintiff's claim that there is no coverage for the loss under the intentional loss exclusion because the ownership interest coupled with Defendant's financial troubles and role as the sole insured on the policy suggests a motive for the arson.  Under Federal Rule of Evidence 403, the Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of, as relevant here, the evidence confusing the issues before the jury.  The Court believes that the jury is capable of understanding the ownership interests and their potential relevance here.

**(3) Motion in Limine No. 5: Any testimony that contradicts what Donna Donovan testified to**

Defendant asserts that Donna Donovan, as the corporate representative of Plaintiff, was deposed earlier this year.  During her deposition, Ms. Donovan indicated that she was unaware of certain facts, *i.e.*, how Plaintiff was prejudiced by "what happened with the proofs of loss." Defendant argues that any evidence that contradicts this testimony should be excluded because he was unable to engage in discovery relevant to these issues when Ms. Donovan testified to a lack of knowledge in these areas.  During the final pretrial conference, Plaintiff confirmed that Scott Lutz, not Ms. Donovan, will be testifying as the corporate representative for Plaintiff and will testify to the prejudice that resulted from Defendant's alleged failures to timely and fully comply with the insurance contract's provisions.  Plaintiff responds that Defendant's notice of deposition for a corporate designee did not set out the topics and, after consultation with counsel

via phone, the parties agreed that the deposition would cover the claims investigation, the payment to the bank and the standards used in decisions regarding claims.  In support of its assertion, Plaintiff attaches the notice of deposition as an exhibit.  The notice of deposition seeks "a corporate designee of Plaintiff to testify on the claims investigation of the occurrence identified in Plaintiff's Petition" (Doc. 49-1).

The Court will **OVERRULE** Defendant's motion in limine as to the testimony of Ms. Donovan.  Under Federal Rule of Civil Procedure 30(b)(6), a party may name as the deponent a private corporation and must describe with reasonable particularity the matters for examination. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.  The persons designated must testify about information known or reasonably available to the organization.  "By commissioning the designee as the voice of the corporation, the Rule obligates a corporate party to prepare its designee to be able to give binding answers in its behalf."  *Rainey v. Am. Forest & Paper Ass'n, Inc.*, 26 F. Supp. 2d 82, 94 (D.D.C. 1998) (internal quotation marks omitted).  "Unless it can prove that the information was not known or was inaccessible, a corporation cannot later proffer new or different allegations that could have been made at the time of the 30(b)(6) deposition."  *Id.* However, here, the notice of deposition did not describe with particularity that Ms. Donovan was to testify as to the issue of prejudice and Ms. Donovan, accordingly, was not prepared to speak to this issue.  Plaintiff may present Mr. Lutz's testimony on this matter, but Defendant may also read into the record those portions of Ms. Donovan's deposition testimony as he has designated, including those addressing prejudice.

**(4) Motion in Limine No. 7: Any testimony concerning personal property**

Defendant requests any evidence regarding Defendant's personal property be excluded as irrelevant under Federal Rule of Evidence 403 as Defendant's counterclaim does not include any claim for personal property.  Defendant states that a proof of loss was completed previously indicating that the property damage claim was for the full policy limits in line with Mo. Rev. Stat. 379.160 (effective until Aug. 27, 2021).  Plaintiff responds that the proof of loss in question, submitted by Defendant's mother, Karen Kanyuck, regarding Plaintiff's personal property is relevant as to Plaintiff's claim that Defendant failed to comply with the policy provisions.  Specifically, Plaintiff notes that the homeowner's policy at issue provides separate coverage for the building and for personal property and, throughout the course of the claim, Defendant made claims for both damage to the building and for personal property.  In August 2019, roughly three years after the loss, Defendant's mother completed a proof of loss making a claim for personal property in the amount of $166,000.  Defendant testified elsewhere that his personal property loss was $2,000.

The Court will **OVERRULE** Defendant's motion in limine as to any testimony concerning personal property.  The proof of loss is relevant here.  Plaintiff is seeking admission of the proof of loss because it was untimely and contained misrepresentations, both of which are violations of the insurance policy and thus relevant to claims or defenses in this matter (*See* Doc. 1 at 4-5).

**(5) Motion in Limine No. 8: Statements made to investigating police officer**

Defendant requests the exclusion of his statement to the investigating police officer that he declined to talk on the advice of his attorney.  Defendant "expects Plaintiff will attempt to elicit this same testimony from Ryan Martin."  Defendant argues that it is inadmissible hearsay

7

under Federal Rule of Evidence 802 and irrelevant under Federal Rule of Evidence 401.  Plaintiff

responds that the statement that Defendant would need to talk to his attorney first is an admission

of a party opponent and an admission against interest.  Specifically, Plaintiff seeks to introduce

the following deposition testimony from Detective Michael Wuellner, who will be testifying by

video deposition during the trial:

> Q. All right. So in – during the course of your investigation
> did you have an opportunity to speak to Ryan Martin?
> A. Yes.
> Q. And do you recall when you first spoke to Mr. Martin?
> A. Not off the top of my head, no.
> Q. Do you recall if you had a telephone conversation
> with him?
> A. Yes.
> Q. Tell us about the telephone conversations that you
> had with him.
> A. I just remember talking to him and he said that he
> was the owner of the property and I wanted him to
> come down for an interview in reference to the fire.
> Q. And what did he respond at that time?
> **A. He said he would have to talk to this attorney first.**
> Q. Okay. And then what communications did you have
> with Martin after that?
> A. I called him back to see if he would come down and
> he kept pushing me off and then finally he stopped
> answering my phone calls.
> Q. Did you ever have an opportunity – strike that.
> Did you ever speak with Ryan Martin about how
> the fire occurred on the night of the fire or
> anything of substance in your investigation?
> **A. He said he would have to talk to his attorney**
> **if he was going to discuss the fire.**
> Q. Okay. So you never did have any conversations
> with him about how the fire started?
> A. No.

The Court will **SUSTAIN** the motion in limine as it relates to Defendant's statements

made to police as specifically identified in bold above.  Although Plaintiff asserts that the bolded

statements are relevant to establish that Defendant was not cooperating with police in the fire

investigation, when taken alone, the statements do not have "any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action."  Fed. R. Evid. 401.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Ryan Martin's Motion in Limine (Doc. 45) is **GRANTED, in part** and **DENIED, in part** as indicated herein.

Dated this 30th day of September, 2021.

_____/s/ Noelle C. Collins_____
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE